## Raneri v. Inn America of Pennsylvania, Inc.

*James McDonald,* for plaintiffs.
*David H. Millstein,* for defendants.

ACKERMAN, *J.*, January 31, 1984 — On May 16, 1979, the plaintiffs sold a building used as a tavern in Hempfield Township to defendants for the sum of $125,000 and took back from defendants a purchase money mortgage in the amount of $115,000. On October 18, 1982, after default on the mortgage debt, plaintiff-mortgagees purchased the property at sheriff's sale for $12,190. No action was instituted under the Deficiency Judgment Act until a petition to fix fair value was filed July 1, 1983, at no. 469 of 1981. Plaintiffs did not obtain an in personam judgment against defendants on the bond, but have instituted this action in assumpsit against the defendant-mortgagors seeking $36,898 in damages for a breach of the mortgagors' covenant contained in the mortgage to "maintain all buildings and improvements subject to this mortgage in good and substantial repair."

The issue before this court on the defendants' motion for judgment on the pleadings is to determine whether a breach of such a covenant contained in a mortgage document gives rise to an independent action in assumpsit. We find that it does not.

Pennsylvania law has long held that a mortgage is merely collateral for the payment of some primary obligation, usually a bond. Girard Trust Co. v. City of Philadelphia, 369 Pa. 499, 87 A.2d 277 (1952). Further, an express covenant in a mortgage is merely ancillary to and in support of that primary obligation and its function is to furnish collateral security for the performance of the terms of that obli-

gation. Girard, supra, 369 Pa. at 503. Therefore, the covenant contained in the mortgage to maintain and keep the premises in good repair is merely to furnish collateral security for the performance of the underlying debt and has no independent existence apart from being collateral for the underlying debt.

Ladner in Conveyancing in Pennsylvania at Sections 12.01 and 12.05 indicates there are three remedies available to the mortgagee upon a mortgage which has matured or is in default. The first is an action at law on the mortgage debt; second is an action to gain possession and the third is an action of mortgage foreclosure. There is no provision for an independent action in assumpsit based on the covenants contained in the mortgage document, nor have the plaintiffs cited any authority to support such a proposition.

Defendants' motion for judgment on the pleadings must be granted for both this and another reason. A mortgage is a document of a specific character to be strictly construed. Western Pennsylvania National Bank v. Peoples Union Bank and Trust Company, 439 Pa. 304, 266 A.2d 773 (1970). The mortgage document in question lists on its face various covenants contained in six numbered paragraphs, paragraph two of which contains the covenant at issue. Immediately following those numbered paragraphs, the following appears:

In case default be made for the space of thirty days in the payment of any installment of principal or interest pursuant to the terms of the Note, or in the performance by Mortgagor of any of the other obligations of the Note or this Mortgage, (emphasis added) the entire unpaid balance of said principal sum, and all other sums paid by Mortgagee pursuant to the terms of the Note or this Mortgage, to-

gether with unpaid interest thereon, shall at the option of the Mortgagee and without notice become immediately due and payable, and foreclosure proceedings may be brought forthwith on this Mortgage and prosecuted to judgment, execution and sale for the collection of the same, together with the costs of suit and attorney's commission for collection of the total indebtedness . . .

As can be seen, the document itself provides the remedy available to the mortgagee in the event of default of any of the mortgagor's obligations, that remedy being foreclosure. There is no provision for an independent action in assumpsit based on the mortgage covenants. Since we must strictly construe the terms of mortgage, an independent action in assumpsit is precluded.

Defendants argue in their brief that this action is barred by the Pennsylvania Deficiency Judgment Act since a petition pursuant to the Deficiency Judgment Act was not filed within six months from the date of the Sheriff's sale. The pleadings indicate that a petition to fix the value of the property was not filed by plaintiffs until July 1, 1983. However, that petition was not filed in this action. Therefore, the timeliness of the petition will not be ruled upon.

Finally, we recognize that this opinion is inconsistent with the previous opinion of the undersigned of June 21, 1983. To paraphrase Justice Frankfurter: wisdom comes so seldom it should not be rejected merely because it is late.*

## ORDER OF COURT

And now, this January 31, 1984, defendants' motion for judgment on the pleadings is hereby sustained; and plaintiffs' complaint is dismissed.

*See W.L.J. Vol. LXV Page 103